[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Milford Hospital, has sued the defendant, Joan Casey, to recover charges for services rendered to the defendant, Joan Casey, a patient. Pursuant to General Statutes § 52-549n
and Practice Book § 23-53, the court referred the action to a factfinder, Linda Fogler.
On June 1, 1998, the factfinder found that the plaintiff was entitled to recovery in the amount of $7,243.72 plus an additional $1,999.01 in interest. The defendant filed an "objection to the acceptance to finding of fact" on June 17, 1998. The court, Flynn, J., addressed the defendant's objections in a memorandum of decision dated October 22, 1998. As part of its decision, the court treated portions of the defendant's objection as a Practice Book § 19-12 motion to correct and ordered that the factfinder address certain evidentiary questions raised by the defendant.
On January 28, 1999, the factfinder filed her decision on the motion to correct. The defendant has now filed an objection to the memorandum of decision and to the factfinder's ruling on the motion to correct. Specifically, the defendant argues that 1) a factfinder cannot act on a motion to correct; 2) the court's reference to certain statutes and provisions of the Practice Book was improper as those sections refer to attorney trial referees and not factfinders and; 3) the factfinder claimed jurisdiction over the matter pursuant to a statute referring to judge trial referees rather than factfinders.
The defendant's objections are overruled.
Practice Book § 546J, now Practice Book (1998 Rev.) §23-58, states, in pertinent part, that "[a]fter review of the findings of facts and hearing on any objections thereto, the judicial authority may . . . (5) remand the case to the fact finder who originally heard the matter for a finding on an issue raised in an objection which was not addressed in the original CT Page 6783 finding of facts; or (6) take any other action the judicial authority may deem appropriate." Though this practice book provision does not use the term "motion to correct," it is evident that such a procedure is, in fact, expressly set forth in the practice book. The defendant's objection to the factfinder's use of the heading "motion to correct" is, therefore, without merit.
The defendant's second objection to the court's previous ruling is a technical objection based largely on semantics. The court can agree with the defendant's argument that there is a difference between attorney trial referees named pursuant to General Statutes § 52-434 (a)(4) and factfinders named pursuant to General Statutes § 52-549n. The former, for instance, are authorized to hear a broader assortment of disputes involving greater monetary value than the latter.Rostenberg-Doern Co. v. Weiner, 17 Conn. App. 294, 298,552 A.2d 827 (1989). Moreover, proceedings before an attorney referee are governed by procedures set forth in Practice Book §§ 434 through 444, now Practice Book (1998 Rev.) §§ 19-8 — 19-19, while Practice Book §§ 546b-546k, now Practice Book (1998 Rev.) §§ 23-51 — 23-59, control the referral of cases to factfinders under § 52-549n. Id.
For purposes of this case, however, there is no practical difference between an attorney referee and a factfinder. SeeJones v. Scuderi, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 344148 (November 13, 1991, Gill, J.). It is a well-settled that "having no power to render a judgment, an attorney referee is simply a factfinder."Seal Audio. Inc. v. Bozak. Inc., 199 Conn. 496, 502, 508 A.2d 415
(1987). See also Rostenberg-Doern Co. v. Weiner, supra,17 Conn. pp. 299 ("[w]hile the two referral programs differ in name, source of appointment and scope of authority, under both programs the referees share the same function of factfinders. . . . (u]nder either program, there is no authority to render judgments"). Thus, even if factfinder Linda Fogler was acting as an attorney referee rather than a factfinder pursuant to § 52-549n,[1]
her role would have been identical in either case.
The present contract action could have been referred to either an attorney referee or a factfinder. Whether acting as an attorney referee or a factfinder, Atty. Fogler would still have been limited to a factual report and an accompanying memorandum of decision as stated in both Practice Book §§ 434 and 546G, CT Page 6784 now Practice Book (1998 Rev.) §§ 19-8 and 23-56.[2]
The defendant's final argument is that Atty. Fogler did not have subject matter jurisdiction to hear the case because she erroneously cited § 52-434 as the source of her jurisdiction rather than § 52-549n. This argument is also without merit.
The factfinder or the attorney trial referee are granted jurisdiction over certain cases pursuant to § 52-549n and § 52-434, respectively. In the former case, the factfinder obtains subject matter jurisdiction over a contract action when the superior court refers the matter to the factfinder after the conditions set forth in the statute are met. See General Statutes § 52-549n. The factfinders' jurisdiction over the matter does not dissipate simply because the factfinder either neglects to mention the appropriate statute or erroneously cites another instead. Such a conclusion is all the more appropriate when one again takes into account the fact that the present case could have been heard by either a factfinder or an attorney referee.
The objections are overruled and judgment is ordered to enter in favor of the plaintiff and against the defendant.
Flynn, J.